# Exhibit 1



**U.S. Department of Justice**

Criminal Division

*1400 New York Avenue, NW*
*Washington, DC 20005*

June 10, 2025

**Via Email**

Counsel of Record

    Re:    <u>United States v. Haghighat, et al.</u>, **Case No. 25-cr-339 (D.N.J.)**

Counsel,

We write to raise and hopefully address concerns about potential conflicts. Specifically, Berliner, Cororan, & Rowe LLP ("Berliner"), has represented four of the five defendants in this matter at various points, specifically, Behrouz "Bruce" Haghighat, Kirstyn M. Pearl, Seyedfarbod "Fabio" Sabzevari, and James D. Roberge. Berliner continues to represent Bruce Haghighat and Ms. Pearl.

This raises at least two potential conflicts of interest: (1) concurrent conflicts, and (2) conflicts arising from Berliner's duties to former clients. We believe these potential conflicts should be addressed through, at a minimum, informed consent, confirmed in writing, by each affected client and counsel. We also believe the Court should be apprised.

**I.    Background**

We set forth a partial recitation of relevant facts. Shortly after the investigation in this case became overt in early March 2025, William Coffield of Berliner had phone calls with the United States on which he indicated that he represented, among others, Bruce Haghighat, Kirstyn Pearl, and James Roberge. At that time, the United States (i) indicated that all three individuals were targets of the investigation and (ii) raised concerns that Berliner's concurrent representation of all three individuals presented at least a potential conflict of interest. Berliner continued in the concurrent representation.

In late March 2025, Berliner informed the United States that, in addition to continuing to represent Bruce Haghighat, Kirstyn Pearl, and James Roberge, Berliner also was representing Fabio Sabzevari. Mr. Sabzevari had previously retained independent counsel who had communicated with the United States, but Berliner indicated Mr. Sabzevari had ended that relationship. The United States: (i) identified for Berliner that Mr. Sabzevari was a target of the investigation, as the United States also had done for Mr. Sabzevari's prior counsel, (ii) confirmed the continued target status of the other three defendants Berliner represented, and (iii) again raised concerns about potential conflicts.

In early April 2025, Mr. Sabzevari retained independent counsel, Larry Lustberg, who has since appeared on Mr. Sabzevari's behalf. Berliner continued to represent Bruce Haghighat, Pearl, and Roberge.

On May 22, 2025, the grand jury returned the indictment charging the five defendants in this matter. Shortly before the May 28, 2025, initial appearances, independent counsel for Mr. Roberge, Zachary Intrater, contacted the United States to indicate he would be appearing on behalf of Mr. Roberge. Mr. Intrater so appeared for Mr. Roberge at the initial appearances and entered an appearance in this case on behalf of Mr. Roberge.

At the initial appearances on May 28, 2025, Berliner lawyers represented both Bruce Haghighat and Ms. Pearl. Mr. Coffield appeared for Bruce Haghighat. Mr. Coffield's partner, Laina Lopez, appeared for Ms. Pearl. It was not clear to the United States at the time of the initial appearances that Ms. Lopez was Mr. Coffield's law partner. The United States learned only after the initial appearances Ms. Lopez is also a partner at Berliner. Subsequent to the initial appearances, Mr. Coffield and Ms. Lopez both entered appearances on the docket for Bruce Haghighat.

Berliner has since communicated that Ms. Pearl will be separately represented, but no other counsel has contacted the United States or entered an appearance on behalf of Ms. Pearl. As of June 6, 2025, Berliner continued to represent Ms. Pearl concurrently with Bruce Haghighat, stating positions on behalf of both clients in correspondence with the United States.

## II.   Legal Standard

The New Jersey Rules of Professional Conduct ("New Jersey Rules") apply because this matter is before the U.S. District Court for the District of New Jersey, which sits in New Jersey and has adopted the New Jersey rules. *See* D.N.J. Local Civ. R. 103.1(a); Cr. R. 1.1. This inquiry primarily implicates New Jersey Rules 1.9, 1.7, 1.10, and 1.6.

## III.  Discussion

The circumstances of this case raise at least the potential for conflicts with former clients and current clients. It is therefore appropriate to obtain all clients' informed consent to the representations, confirmed in writing, as well as written confirmations from counsel.

### A.   Potential Conflicts of Interests: Former Clients

First, New Jersey Rule 1.9(a) concerns potential conflict issues involving former clients, stating:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

N.J. Rules 1.9(a).

2

The defendants in this case are involved in the same or substantially related matter.[1] There is at least the potential for the clients' interests to be materially adverse, if material adversity does not already exist.

Second, New Jersey Rule 1.9(c) prevents an attorney from revealing a former client's confidences or using them unless the confidences have become generally known, absent the former client's consent. The Rule states:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> >
> > (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

N.J. Rules 1.9(c). The New Jersey Rules broadly define "confidential information." *See, e.g.*, N.J. Rule 1.6 cmt. ¶ 1 ("[T]he disclosure of any information is prohibited if it would compromise the attorney-client privilege *or otherwise prejudice the client* . . . . (emphasis added)).

### B. Potential Conflicts of Interest: Current Clients

The facts here also present the potential for conflicts of interest with current clients, both with respect to ongoing concurrent representation, as well as with the representation of former clients.

New Jersey Rule 1.7(a)(2) provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A conflict of interests exists if:
>
> > . . .
> >
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Comment [8] to the ABA Model Rule 1.7 defines "materially limited":

> Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider,

---

[1] According to Comment [3] to ABA Model Rule 1.9, on which the New Jersey Rule was based, "[m]atters are 'substantially related' for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."

3

> recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests. For example, a lawyer asked to represent several individuals seeking to form a joint venture is likely to be materially limited in the lawyer's ability to recommend or advocate all possible positions that each might take because of the lawyer's duty of loyalty to the others. The conflict in effect forecloses alternatives that would otherwise be available to the client. The mere possibility of subsequent harm does not itself require disclosure and consent. The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgement in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

ABA Model Rules of Prof'l Resp. R. 1.7 cmt. [8]; *see also id.* at cmt. [9] ("In addition to conflicts with other current clients, a lawyer's duties of loyalty and independence may be materially limited by responsibilities to former clients under Rule 1.9 or by the lawyer's responsibilities to other persons . . . .").

As of now, Berliner attorneys have filed notices of appearance on behalf of Bruce Haghighat and continue to make representations to the United States on behalf of Ms. Pearl. That presents the potential for a conflict with current clients. The facts and Rule 1.7 also raise the prospect of potential material limitations on the representation of current clients arising out of Berliner's prior representations of, and continuing obligations to, former clients in this matter.

### C. Imputation

It is important for informed consent to note that conflicts are imputed to other lawyers in a firm. New Jersey Rule 1.10 states:

> When lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by R[ule of] P[rofessional] C[onduct] 1.7 or R[ule of] P[rofessional] C[onduct] 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Thus, although Ms. Lopez has only outwardly personally represented Ms. Pearl and Bruce Haghighat, Mr. Coffield's representation of all four affected defendants is imputed throughout Berliner, including to Ms. Lopez.

### D. Consent

Each current client may consent to representation, notwithstanding a conflict, if the criteria set forth in New Jersey Rule 1.7(b)(4) are met. The Rule states:

4

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved;

(2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(3) the representation is not prohibited by law; and

(4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

In order to obtain the requisite consent from current clients, former clients likely would first have to consent to enough of their confidential information to be disclosed for the current clients to make informed consent.

### IV.   Conclusion

Respectfully, we believe counsel should obtain fully informed written consent from all affected clients, consistent with these Rules. Counsel also should confirm their own reasonable belief that they will be able to provide competent and diligent representation to each affected client. We also plan to apprise the Court of these issues. Please let us know your positions. We thank you for your diligence.

Sincerely,

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

*/s/ John Mezzanotte*
John Mezzanotte
Assistant United States Attorney
District of New Jersey